UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIQUE SANDRA MARIE LAX;
CRYSTAL LAX,

                 Plaintiff,

-against-

DOC RIKERS ISLAND ROSE M. SINGER
CENTER AND STAFF, et al.,

                 Defendants.

23-CV-0622 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATIONS AND PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiffs Crystal and Dominique Lax bring this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. Where there are multiple plaintiffs, each plaintiff must submit an IFP application. Here, only one IFP application was submitted. Although the IFP application is signed by both Plaintiffs, the information appears to relate solely to one of them. For example, the response to a question about income is "SSI benefits when I'm not in jail or hospital." (ECF 1 at 1.) The Court therefore directs each Plaintiff to file her own IFP application.

      Moreover, it is unclear whether one of the plaintiffs is incarcerated. In response to the question, "Are you incarcerated?" the box marked "Yes" is checked and there is a statement "I am being held at: From Rikers Island to Mid-Hudson Forensic Psychiatrist Hospital until trial." (*Id.*)[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted

---

[1] The Court was unable to locate public records indicating that Dominique Lax or Crystal Lax is detained at Rikers Island or has pending criminal proceedings in New York. Plaintiffs

permission to proceed IFP, 28 U.S.C. § 1915(b)(1), and the Court must collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1).

A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915(h). If either Plaintiff qualifies as a prisoner, she must submit a prisoner authorization, which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

## CONCLUSION

Within 30 days of the date of this order, Plaintiffs must either pay the $402.00 in fees or each complete and submit an IFP application. If either Plaintiff qualifies as a prisoner, she must also submit a prisoner authorization. These documents should be labeled with docket number 23-CV-622 (LTS) and submitted to the Court's Pro Se Intake Unit. No answer shall be required at this time. If Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

Dated:   February 3, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

provide a mailing address for a residence in California.