UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIQUE SANDRA MARIE LAX,

                Plaintiff,

-against-

DOC RIKER ISLAND ROSE M. SINGER CENTER AND STAFF; CITY OF NEW YORK; MANHATTAN POLICE DEPARTMENT; MID-HUDSON FORENSIC PSYCHIATRIC HOSPITAL; ATTORNEY MICHAEL TROY BALDWIN,

                Defendants.

23-CV-0622 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Dominique Lax was detained at the Rose M. Singer Center (RMSC) on Rikers Island when she brought this action. She indicated in her initial pleadings that she had been transferring back and forth between the RMSC and Mid-Hudson Forensic Psychiatric Facility. (ECF 1 at 1.) Plaintiff stated that she lived in California and had been visiting New York when she was taken into custody. (ECF 2 at 3.)

    By order dated April 5, 2023, the Court noted that Plaintiff had been released from the custody of the New York City Department of Correction and had not provided the Court with her current address. The Court directed Plaintiff to notify the Court in writing, within 30 days, whether she still intended to prosecute this action and, if so, to provide her current mailing address or consent to electronic service. That order was sent to the RMSC and to an address in California that appears to be her mother's address.[1] Plaintiff has not responded to the Court's order.

---

[1] Initially, it was unclear whether Crystal Lax, Dominique Lax's mother, also intended to be a plaintiff in this action. By order dated February 3, 2023, the Court directed Crystal Lax to submit her own IFP application if she intended to proceed as a plaintiff. Crystal Lax did not

Under Rule 41(b) of the Federal Rules of Civil Procedure, the district court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). Before dismissing a case under Rule 41(b), a district court must consider the following five factors:

> (1) whether the plaintiff's failure to prosecute caused significant delay; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether further delay would prejudice the defendant; (4) whether the court carefully balanced its need to make sure it can continue to efficiently tend to other cases that come before it against the plaintiff's right to argue their case; and (5) whether the court adequately considered whether a less harsh sanction would be as effective.

*Sanchez v. Dutchess Cnty. Dep't of Cmty. & Fam. Servs.*, No. 21-2408, 2023 WL 3047971, at *1 (2d Cir. Apr. 24, 2023) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). The district court need not discuss each factor on the record but "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Sanchez*, 2023 WL 3047971, at *2 (quoting *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000)).

Before dismissing a case with prejudice under Rule 41(b), the district court must also make a finding that the plaintiff has failed to prosecute the case "intentionally, in bad faith, or with reasonable fault." *Baptiste*, 768 F.3d at 217, 219. However, the Second Circuit has "not decide[d] whether this requirement applies to a dismissal without prejudice," *Sanchez*, 2023 WL 3047971, at *1.

Here, Plaintiff appears to have abandoned this litigation. Turning to the first factor, the delay has not yet been significant. *Sanchez*, 2023 WL 3047971 ("One-month delay is not

---

submit an IFP application, and the Court dismissed her as a plaintiff in this action, without prejudice to any claims that she may wish to bring. (ECF 8.)

2

necessarily a 'significant duration.'") (citing *Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 486 (2d Cir. 1994)). As to the second factor, the Court notified Plaintiff on April 5, 2023, that the action could not proceed unless Plaintiff provided an address for service or consented to electronic service of documents. The Court stated that failing to provide a mailing address for service (or consent to e-service) would result in dismissal of this action. Plaintiff did not respond to that order, and the time to do so has expired. Third, Defendants have not yet been served in this action, and there is no indication that they will be prejudiced by further delay. The short delay and lack of prejudice to Defendants weigh against dismissal. The facts that Plaintiff has not responded to the Court's order and that the Court is presently unable to transmit orders to Plaintiff, electronically or by mail, favor dismissal.

Weighing all of these factors, the Court concludes that dismissal without prejudice is warranted. Dismissal without prejudice is a less harsh remedy than a dismissal with prejudice. Plaintiff's claims arose in or about July 2022, and dismissing her claims without prejudice leaves Plaintiff with an opportunity within the limitations period to refile her claims.

Although the Court cannot say that Plaintiff acted "intentionally," or "in bad faith," her failure to provide a current address or respond to the Court's order constitutes "reasonable fault." *Baptiste*, 768 F.3d at 217, 219. Thus, even if this requirement applies to a dismissal without prejudice, it is satisfied here.

Accordingly, because this action cannot proceed without an address where Plaintiff can be served, and Plaintiff has not responded to the Court's order to provide an address, dismissal of this action without prejudice under Rule 41(b) is warranted.

Plaintiff may move, within a reasonable time, to restore this matter to the calendar, and any such submission must include an address for service or consent to e-service. A motion to

restore this matter to the calendar, if made within 120 days, shall be considered presumptively made within a reasonable time.

## CONCLUSION

Plaintiff's complaint, filed IFP pursuant to 28 U.S.C. § 1915(a)(1), is dismissed without prejudice to Plaintiff refiling her claims. *See* Fed. R. Civ. P. 41(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge